DEAN MILK COMPANY, Appellant, vs. CITY OF MADISON and others, Respondents.

*June 5—June 30, 1950.*

HUGHES, J., dissents.

310

For the appellant there were briefs by *McGowan, Geffs, Geffs & Block* of Janesville, attorneys, and *Gariepy & Gariepy* of Chicago, Illinois, of counsel, and oral argument by *Jacob Geffs.*

*Harold E. Hanson,* city attorney, for the respondents.

BROADFOOT, J. The testimony introduced proves conclusively that milk is a very perishable product, and that it is subject to contamination by odors, by foreign substances, and by bacteria. In order to be sure of healthful milk of high quality it is necessary to have rigid and frequent inspection of the farms producing raw milk for human consumption. It is necessary to inspect the ventilation, lighting, and cleanliness of the barns in which the cows are sheltered, the drainage and water supply, the milking equipment, the cooling and storage equipment, and the health of the cattle and of the persons taking care of the milk, as well as the pasteurization plants.

The plaintiff contends that its inspection, with that of the Chicago board of health and spot checks by the United States public health service, result in a product that is clean, pure, and wholesome, and that it should be permitted to flow freely to market unburdened by duplication of inspection and that the restrictions in the Madison milk ordinance are prohibitive trade barriers and therefore unconstitutional under the Fourteenth amendment and the interstate-commerce clause of the United States constitution. The courts of some states

have so held. This court has held otherwise in *Dyer v. City Council of Beloit,* 250 Wis. 613, 615, 27 N. W. (2d) 733, in which it held valid an ordinance of the city of Beloit which contained the following provision:

"No pasteurized milk shall be sold in the city of Beloit which shall not have been pasteurized in approved plants within six miles from the intersection of State street and East Grand avenue in the city of Beloit."

In that case the court said (p. 616):

"That cities have a right to pass a milk ordinance for the welfare and health of their citizens is not disputed, and milk ordinances are general in the state of Wisconsin and elsewhere in the nation. Such an ordinance must be reasonable and not arbitrary, must not go beyond the reasonable demands of the occasion, and must tend to accomplish the purpose of its adoption. Courts will not interfere with the exercise of police power by a municipal corporation in the absence of a clear abuse of discretion and unless it is manifestly unreasonable and oppressive, for it is not within the province of the courts, except in clear cases, to interfere with the exercise of this power reposed by law in municipal corporations. 11 Am. Jur., Constitutional Law, p. 1092, sec. 307. Municipal corporations are *prima facie* the sole judges respecting the necessity and reasonableness of ordinances under their police power, and every intendment is to be made in favor of the lawfulness and reasonableness of such ordinance. The city is presumed to have full knowledge of local conditions, and its adoption of an ordinance in the light of this knowledge creates a *prima facie* presumption that it is reasonable. 3 McQuillin, Mun. Corp. (2d ed.), p. 110, sec. 951. The reasonableness of an ordinance depends upon the purpose sought to be accomplished and the effect upon all who must comply with it."

The present status of the decision in the *Dyer Case* is in dispute. The plaintiff in that case appealed to the United States supreme court and, while the appeal was pending, the city of Beloit amended its ordinance and granted Dyer a license. A motion was then made on behalf of the Beloit

authorities to dismiss Dyer's appeal upon the ground that the case had become moot. Plaintiff Dyer objected to dismissing the appeal but the United States supreme court on February 2, 1948, entered a mandate providing in part:

"On consideration of the motion of the appellees to dismiss, it appearing that the cause has become moot, the judgment of the supreme court of Wisconsin is vacated and the cause is remanded for such further proceedings as by that court may be deemed appropriate." 333 U. S. 825, 68 Sup. Ct. 450, 92 L. Ed. 1111.

Thereafter this court (252 Wis. 249, 250, 32 N. W. (2d) 333), after reviewing the action of the United States supreme court and quoting the above portion of its mandate entered the following mandate:

"*By the Court.*—Judgment appealed from is reversed and cause remanded with directions to dismiss the complaint."

The plaintiff contends that this eliminated the decision in the *Dyer Case*. The trial court answered this argument as follows:

"This *pro forma* action, the supreme court at Washington by vacating and the Wisconsin supreme court by so-called reversing, under the circumstances, surely has not erased and annihilated our supreme court's decision in the *Beloit Case on the merits*.

"Said the supreme court of the United States in *Berry v. Davis,* 242 U. S. 468, 470, 61 L. Ed. 441, 442:

" 'An appeal was taken to this court in 1914. In 1915 the act of 1913 was repealed, and the substituted act does not apply to the plaintiff. . . . Therefore, upon the precedents we are not called upon to consider the propriety of the action of the district court, but the proper course is to reverse the decree and remand the cause, with directions that the bill be dismissed without costs to either party.' "

Whatever the effect of the mandate of this court in the *Dyer Case* after the record was remanded by the United

States supreme court, the reasoning and logic of that decision still stand.

In addition to what was said by this court in the *Dyer Case,* once the plaintiff has recognized the necessity of rigid standards for the production, processing, and marketing of milk for human consumption and the necessity of frequent and rigid inspection to see that these standards are maintained, then it follows, as stated in the *Dyer Case* (p. 617), "Convenience, efficiency, and cost of inspection enter into a determination of the question of the reasonableness of an ordinance." Dr. Kincaid, the health commissioner of the city of Madison, testified that if plaintiff's milk was to be sold in Madison it would require the hiring of additional inspectors to inspect the farms from which the milk is gathered and the plants in which it is pasteurized and bottled. Thus convenience and efficiency would be lessened and costs would be increased. Plaintiff contends that it would be unnecessary to hire additional inspectors, and that Dr. Kincaid as health commissioner could satisfy himself as to the quality of plaintiff's product by relying upon the inspections already made of the farms and plants in Illinois. The trial court made this answer to that contention:

"A city like Madison, in the interests of public health, is entitled to set up its own system of milk inspection if it be a reasonable one. The city is not forced to rely upon inspection by some other governmental unit nor to submit to 'reciprocal inspection' unless some higher authority properly decrees it.

"One municipality does not have to sacrifice its standards to those of another community which may be lower nor is one governmental unit necessarily compelled to yield its independence to another, even though the latter's gauges of inspection purport to be equal or slightly higher.

"The city of Madison—in the public concern over health—has an autonomy, a measure of local self-government, which, if exercised reasonably, need give way only to a constitutional enactment by the legislature of Wisconsin or the con-

gress of the United States, if such exists. None such does exist as yet."

We agree with the trial court. The five-mile limitation as to pasteurization plants is reasonable as applied to this plaintiff. It has no pasteurization plant within any reasonable distance of Madison. This provision of the ordinance was not adopted to exclude plaintiff, nor does it discriminate against it.

As to plaintiff's contention that the twenty-five-mile limitation is likewise unconstitutional, we affirm the trial court in holding that there is no justiciable controversy between the parties on that question. Dean Milk Company is not a farmer and, so far as the record shows, owns no farm. No farmer producing milk is a party to this action, and plaintiff is not entitled to ask for a judgment declaring the rights of persons who are not parties to the action.

*By the Court.*—Judgment affirmed.

HUGHES, J., dissents.