Barnes and others, Respondents, vs. City of West Allis, Appellant.*

*January 10—February 5, 1957.*

* Motion for rehearing denied, with $25 costs, on April 9, 1957.

34

36

For the appellant there were briefs by *George A. Schmus,* city attorney, and *Charles G. Panosian,* assistant city attorney, and oral argument by *Mr. Panosian.*

For the respondents there was a brief by *Tilg & Koch* of Milwaukee, and oral argument by *Howard A. Tilg.*

FAIRCHILD, J.   The trailer-park owners, who were appellants in the circuit court, took the position that the monthly parking-permit fee is a property tax and invalid because not proportioned to the value of the property. The city argued that the fee was a valid excise tax. The park owners also asserted that sec. 66.058 (3), Stats., is so indefinite, ambiguous, and uncertain as to be incapable òf application and that in any event the amount of the monthly parking-permit fee was determined by the common council in an unreasonable and arbitrary manner and is in excess of the cost of services supplied to the mobile homes. The circuit court decided

that the statute is unconstitutional on the first ground and did not consider the other two propositions.

The circuit court held that a flat tax of $10 per month cannot be levied upon trailers which differ in value. Under sec. 1, art. VIII, constitution of Wisconsin, where a property tax is levied, there can be no classification which interferes with substantial uniformity of rate based upon value. But it is also true that as to excise taxation, the term "uniformity of taxation" means simply taxation which acts alike on all persons similarly situated. *Beals v. State,* 139 Wis. 544, 557, 121 N. W. 347.

Is the parking-permit fee a property tax or an excise tax?

We are of the opinion that it is an excise tax on the parking of occupied trailers and not a tax upon them as property. The parking fee involved does not apply to a vacant trailer which one might keep unoccupied in West Allis, but use elsewhere on pleasure trips and the like. It does not apply to a trailer which is held for sale in West Allis and may later be used anywhere by a purchaser. It does not apply to a trailer temporarily unoccupied for any reason.

It is said that the parking of an occupied trailer is so essential to the realization of the value of the trailer as to constitute the tax on parking a tax on the property. Yet we have a similar situation in exacting a uniform fee for licensing automobiles for use on the highways and the legislature has been permitted to draw other fine lines between property and transactions essential to the enjoyment of it.

An inheritance tax has been upheld as an excise tax upon the transfer of and the right to receive property and held not to be a tax upon the property itself. *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627; *Beals v. State, supra.*

Is it proper to tax one citizen for occupying a house trailer and omit to tax another for occupying an apartment or a house?

We are of the opinion that the classification involved may properly be made. House trailers can be readily moved from place to place. When a trailer is occupied, the burdens of supplying municipal and school services are placed upon the community in which it is located. It is difficult to levy and collect a property tax because of the mobility of the home. One of the advantages of living in a trailer home is that when a move to another place becomes desirable, whether because of a change in employment opportunities or other reason, the move can be made with a minimum of expense or risk of loss by having to give up accommodations in one place and obtain new ones in another. The house trailer is exempt from taxation as personal property. Sec. 70.112 (7), Stats. Because of its mobility and the circumstances of its use it is proper to levy an excise tax upon use of a trailer without levying the same tax upon occupancy of a permanent home.

The circuit court also concluded that the statute violates sec. 1, art I of the constitution of Wisconsin because the right to live in a home is a natural right rather than a privilege. The court relied upon *Crawford v. Wesleyville* (Pa.), 68 D. & C. 215, a case which goes upon the theory that the state cannot license the exercise of a natural right. In Wisconsin it is established that a tax which does not violate other constitutional principles can properly be laid upon inherent or natural rights. *Beals v. State, supra;* page 555.

Sec. 66.058 (3) (e), Stats., provides that the parking-permit fee shall be "equal to actual cost of services furnished." It is argued that the standard of actual cost is indefinite, ambiguous, and uncertain. Respondents suggest that several different formulas could be used to determine actual cost, each supported by logical reasoning. If we follow the analysis made by the superintendent of schools and

the city comptroller, it is readily apparent that there could be differences of opinion as to the method followed. For example, it seems logical to allocate some of the cost of municipal services to industrial property before determining the per capita cost on the basis of population. Yet it is perhaps less logical to allocate the same portion of cost of school services to industrial property before determining a per capita cost on the basis of average school attendance. "Actual cost" of services to a specific group of residents is incapable of an absolute determination. The legislature chose to use the term, however, and also provided for a preliminary determination followed by a final determination after hearing. We are of the opinion that the statute should be interpreted to require that a figure be reasonably fixed after consideration of the elements of cost, and that the figure should not be arbitrary. It cannot be said that the legislature specified any particular formula, nor that the formula followed in any particular municipality is the only one which can properly be used.

Finally, we reach the question whether the figure determined by West Allis can be sustained. It appears that with two exceptions, the determination was based upon actual figures which pertain to West Allis and its schools, and while some other municipality might properly follow a different formula, based upon different reasoning, we cannot say that the fundamental theory followed by the superintendent and comptroller was wrong. The two exceptions are as follows: On the basis of "a national average of 2.9 persons occupying each mobile home" the comptroller assumed in his computations that three persons, on the average, occupied mobile homes in West Allis. The city superintendent of schools assumed in his computations that there is one school child in each house trailer. The only evidence in the record of the actual condition in West Allis is a count taken on

August 3, 1954. There were 346 trailers and 815 occupants, or an average of 2.36 persons per trailer. There were 70 school children on that day, or an average of .2 per trailer. While the municipality is certainly not bound to recognize a census on any particular day, the discrepancy between the figures assumed in the computation and the figures shown in the record is so substantial as to render the result arbitrary. If the August 3d count were used in place of the assumed figures, the actual cost of school services would be $2.03 instead of $10.14, computed by the superintendent; the cost of municipal services would be $3.18 instead of $4.04, computed by the comptroller, or a total of $5.21 instead of $14.18. Even after the council made its arbitrary reduction to $10, that figure is substantially higher.

It should be emphasized that the analysis of the problem by the city and school officials, apart from the arbitrary assumptions we have mentioned, is not the only theory upon which a proper determination could be made. For example, we do not mean to imply that actual cost of school services must be determined per school child by dividing net cost by the number of children, as was done in West Allis, rather than per capita by dividing net cost by the estimated population.

Neither do we mean that the city must accept the count of persons and school children occupying trailers in West Allis on any particular day or made by any particular method so long as the method used is not arbitrary. Respondents in attacking the statute as indefinite, have suggested that it is open to the construction that the actual cost of school services must be determined as to each mobile home on the basis of the number of school children occupying it or must be determined separately as to each mobile-home park on the basis of the number of school children present in that park and then prorated among the mobile homes therein. The

very difficulty which such a construction would impose on the school and municipal authorities together with the probability that even the most accurate determination would become inaccurate very shortly is conclusive that such was not the intent of the legislature.

The circuit court, having concluded that the statute is unconstitutional, entered a judgment which in form was a declaration to that effect. This declaration must be reversed. The judgment which should have been entered would have set aside the determination of the council for the reasons set forth in this opinion.

The parties did not argue in this court the question of what disposition should be made, in the event that the statute is valid and operative but the determination is set aside as arbitrary, of the fees collected and deposited with the city treasurer while this action has been pending. We, therefore, leave that question to the further determination of the circuit court.

*By the Court.*—The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.