RAMME, Appellant, v. CITY OF MADISON and others, Respondents.

*November 2—November 28, 1967.*

---

[1] *Id.* at pages 441, 442.

104

For the appellant there were briefs by *Tilg & Koch* of Milwaukee, and oral argument by *Howard A. Tilg*.

For the respondent there was a brief by *Edwin C. Conrad*, city attorney, and *Bruce K. Kaufmann*, assistant city attorney. Oral argument was by *Frederick W. Fisher*, assistant city attorney.

BEILFUSS, J. The issues on this appeal are two:

1. Does appellant have standing to attack the constitutionality of the statute?

2. Does the statute afford the landowner a type of review not available to others liable for the tax thereby constituting a denial of equal protection of the laws?

The pertinent statutory provisions are as follows:

"66.058 **Mobile home parks.** (1) DEFINITIONS. . . .

"(a) 'Licensee' means any person licensed to operate and maintain a mobile home park under this section.

"(b) . . .

"(c) 'Park' means mobile home park.

"(d) . . .

"(e) 'Mobile home' is that which is, or was as originally constructed, designed to be transported by any motor vehicle upon a public highway and designed, equipped and used primarily for sleeping, eating and living quarters, or is intended to be so used; and includes any additions, attachments, annexes, foundations and appurtenances, except that a house trailer is not deemed a mobile home if the assessable value of such additions, attachments, annexes, foundations and appurtenances equals or exceeds 50 per cent of the assessable value of the house trailer.

". . .

"(i) 'Mobile home park' means any plot or plots of ground upon which 2 or more units, occupied for dwelling or sleeping purposes are located, regardless of whether or not a charge is made for such accommodation.

". . .

"(3) LICENSE AND PERMIT FEES; COURT REVIEW. . . .

"(c) In addition to the license fee provided for in pars. (a) and (b), each licensee is hereby required to collect from each occupied mobile home occupying space or lots in his mobile home park in the city, town or village a monthly parking permit fee equal to actual cost of services furnished by the school district, which cost shall be determined by the county or city superintendent of schools whichever may have jurisdiction and the cost of the municipal services which shall be determined by the governing body of the city, town or village and in both cases charged to the park every year payable monthly for maintenance, debt retirement, operation of schools and general administrative costs including, without limitation because of specific enumeration herein the following: fire protection, police protection, sewage disposal, garbage collection, and health services, in lieu of personal property tax. The amount of such parking permit fee that may be levied against each mobile home park shall be determined after a public hearing as hereinafter provided. The monthly parking permit fee shall be paid by the licensee on or before the tenth of the month following the month for which such parking permit fee is due; provided, that the licensee of a mobile home park or trailer camp shall not be required to collect for any space occupied by a mobile home accompanied by an

automobile, if said mobile home and automobile bear license plates issued by any other than this state, for an accumulating period not to exceed 60 days in any 12 months or if the occupants of the mobile home are nonresident tourists or vacationists. Exemption certificates in duplicate shall be accepted by the treasurer of the licensing authority from qualified nonresident tourists or vacationists in lieu of permit fees. When one or more persons occupying a mobile home are employed in this state, there shall be no exemption from the monthly parking permit fee.

"1. The licensee of a park shall be liable for the monthly parking permit fee for any mobile home occupying space therein as well as the owner and occupant thereof.

"(d) Each city, town or village shall make preliminary determination of the amount of the per mobile home parking permit fee to be levied against a mobile home park, and shall give notice of hearing on said proposed parking permit fee to be held in the hall of the city, town or village where any interested person shall have an opportunity to be heard.

"1. The clerk of said city, town or village shall post a notice of said hearing in at least 3 public places within the city, town or village, one posting of which shall be in a conspicuous place on each mobile home park property. At least one week shall intervene between the date of posting of such notice and the time of the meeting. The city, town or village may at such meeting, or at an adjourned meeting, confirm or change the proposed parking permit fee and upon final determination of the amount of the parking permit fee shall post a notice on each mobile home park property stating the amount of the parking permit fee as finally determined.

"2. *If the owner of any parcel of land affected by such determination feels himself aggrieved thereby, he may within 20 days after the date of posting such determination appeal to the circuit court of the county,* notice thereof to be served upon the clerk of the city, village or town and by executing a bond to the city, town or village in the sum of $500.00 with 2 sureties or a bonding company to be approved by the clerk conditioned for the faithful prosecution of such appeal and the payment of all costs adjudged against him. The clerk, in case such an appeal is taken, shall make a brief statement of the proceedings had before the board, with its determination

thereon and shall submit the same with all relevant papers to the clerk of the circuit court. *Such appeal shall be tried and determined in the same manner as cases originally commenced in the court.* An appeal brought under this section shall not be construed to prevent during the pendency of such appeal, the collection of any such monthly assessment currently or subsequently to become due. (Emphasis supplied.)

"3. . . .

"(e) If a mobile home is permitted by local ordinance to be located outside a licensed park, the monthly parking permit fee shall be paid by the owner of the mobile home, the occupant thereof or the owner of the land on which it stands, the same as and in the manner provided for licensees, provided that nothing contained in this subsection shall prohibit the regulation thereof by local ordinance.

"(f) Any mobile home park or trailer camp license fee and any mobile home parking permit fee not paid when due creates a lien in favor of the licensing authority in the delinquent amount upon the real estate parcel where such mobile home park, trailer camp or mobile home is situated or was situated at the time when the liability for such fee was incurred, effective as of the first day of the month or year for which such fee is levied. The licensing authority shall provide that all such license or permit fees not paid when due shall be extended upon the tax roll as a delinquent tax against the parcel where such park, camp or home is or was situated at the time when liability for such fee was incurred and all proceedings in relation to the collection, return and sale of property for delinquent real estate taxes shall apply to such delinquent license or permit fee." (This subsection passed subsequent to commencement of the action.)

Does appellant have "standing" to attack the constitutionality of the statute?

Respondent, city of Madison, argues that the appellant does not have "standing" to challenge the constitutionality of the statute in question. Summarily, respondent's argument is that the fee is an excise tax levied against the landowner, not the trailer occupant; that the statute merely permits the tax to be passed on

to the occupant and the city has no method of enforcing collection from the occupant; that, therefore, the trailer occupant is in exactly the same position as users of services or products subject to ordinary excise taxes in that these taxes are too remote, indirect, and incidental to allow them to challenge the validity of the tax. Since the city cannot collect the tax from the occupant, respondent argues, the occupant has no right which need be protected.

It is true the fee constitutes an "excise tax on the parking of occupied trailers and not a tax upon them as property." *Barnes v. West Allis* (1957), 275 Wis. 31, 37, 81 N. W. 2d 75. Further, subs. (c) and (d) of sec. 66.058 (3), Stats., indicate that the fee is being levied against the mobile home park:

"(c) . . . The amount of such parking permit fee that may be *levied against each mobile home park* shall be determined after a public hearing as hereinafter provided. . . .

"(d) Each city, town or village shall make preliminary determination of the amount of the per mobile home parking permit fee *to be levied against a* mobile home park, . . ." (Emphasis supplied.)

The definition of "mobile home park" is in sec. 66.058 (1) (i), Stats.:

" 'Mobile home park' means any *plot or plots of ground* upon which 2 or more units . . . are located, . . ." (Emphasis supplied.)

However, while the tax is stated to be "levied" against the mobile home park, the trailer occupants are also an object of the tax. Sec. 66.058 (3) (c), Stats., states that the licensee of the park is *required* [1] to collect the fee

---

[1] The section was amended subsequent to the commencement of the action in the case at bar. The words "shall collect" were substituted for the words "is hereby required to collect."

from each occupied mobile home. Further, sub. (3) (c) 1 provides:

"The licensee of a park shall be liable for the monthly parking permit fee for any mobile home occupying space therein *as well as the owner and occupant thereof.*" (Emphasis supplied.)

From this section the "licensee" is also an object of the tax. It is somewhat difficult to tell exactly who is the sole object of the tax imposed by the section. The section, however, is clearly an attempt to have trailer occupants and owners pay their fair share of the costs of municipal and school services furnished in exchange for a property tax exemption. Since the tax is to be "collected" from the occupants of the mobile homes, and since they are "liable" for the tax, it is reasonable to conclude that the legislature intended that they are the direct objects of the tax.

The respondent city's conclusion that it has no method of enforcement of collection against the trailer occupant is erroneous. Respondent quotes from 51 Am. Jur., *Taxation,* p. 857, sec. 980:

"By whom, when and through what procedure or remedy taxes shall be collected is a matter for legislative determination, subject to the rule that the procedure cannot be utterly unreasonable or arbitrary or unequal and unjust in its operation."

This merely points out that the legislature might choose a more expedient method than civil suit to collect the tax. This does not mean that the legislature must impose a more expedient method of collection. Indeed, further on in sec. 980 of 51 Am. Jur., it is said, at pages 857, 858:

"The necessity of revenue for the support of the government does not always admit of the delay attendant upon proceedings in a court of justice."

In fact, it appears that what the legislature has done in the statute in question is adopt a more expedient method of collection by requiring the licensee of the park to collect the tax, and provided for the creation of a lien on the park in favor of the municipality if the tax is not so collected and paid. (Sec. 66.058 (3) (f), Stats.) However, there is nothing that prevents the municipality from proceeding directly against the occupant of the home for the tax by civil suit if the tax is not collected and paid by the method provided.

Therefore, appellant has a right to raise the constitutional issue. The tax is a direct tax to him for which he may be sued.

Does the statute afford the landowner a type of review not available to others liable for the tax, thereby constituting a denial of equal protection of the laws?

Sub. (3) (d) 2 of the statute provides that the owner of any land affected by such determination, feeling himself aggrieved, may appeal to the circuit court.

The circuit court found it most significant that the owner's "appeal" under the statute must be " 'tried and determined in the same manner as cases *originally* commenced in that court.' " The circuit court found that:

"This means a trial 'de novo' in the same manner as an action for declaratory relief commenced by the owner or occupant of a mobile home, such as the plaintiff Howard Ramme, or licensees, such as the defendants Borchers, Grinnell, Laufenberg and Uhlig. In short, the landowner, through the avenue of 'appeal' under Sec. 66.058 (3) (d) 2 has substantially the *same* remedy as the mobile home occupant or owner or the licensee enjoys without resort to such 'appeal' provision. Thus the legislative intent to afford each person affected by the municipality's determination of 'parking permit fee' an opportunity to review such determination in the courts is accomplished. The question raised in such court review, through the avenue of 'appeal' *or otherwise,* is whether the municipality acted reasonably or acted arbitrarily. In passing upon this question the court should

interpret the statute 'to require that a figure be reasonably fixed after consideration of the elements of cost, and that the figure should not be arbitrary.' *Barnes v. West Allis* (1956), 275 Wis. 31, 39."

Appellant argues that the review accorded the "landowner" under the statute is not the same review an occupant would receive either by writ of certiorari or declaratory judgment. Because we conclude the appellant has an adequate right of review by declaratory judgment, we do not consider review by certiorari.

In a declaratory judgment proceeding instituted under sec. 269.56, Stats., evidence can be taken as to the excessiveness of the tax and the court can determine whether the tax was unreasonable or arbitrarily calculated.

Appellant argues, however, that only the city's basic authority to impose the tax may be tested by declaratory judgment; not the accuracy of the amount of the tax. The Uniform Declaratory Judgments Act (sec. 269.56, Stats.) is not so limited. Sub. (1) of sec. 269.56, provides:

"Scope. Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations. . . ."

Sub. (2) provides:

"Power To Construe, Etc. Any person . . . whose rights, status or other legal relations are affected by a statute, [or] municipal ordinance . . . may have determined any question of construction or validity arising under the . . . statute, [or] ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder. . . ."

Sub. (5) provides:

"Enumeration Not Exclusive. The enumeration in subsections (2), . . . does not limit or restrict the exercise of the general powers conferred in subsection (1) in any proceeding where declaratory relief is sought,

in which a judgment or decree will terminate the controversy or remove an uncertainty."

Sub. (9) provides:

"JURY TRIAL. When a proceeding under this section involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

And sub. (12) provides:

"CONSTRUCTION. This section is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

"Many declaratory actions turn upon disputes as to the tax base, the method of computation, the rate of the tax, an allegedly discriminatory or illegal mode of assessment, the amount due, deductions allowable, the applicability of one of two conflicting laws, or the time when the tax is payable or the exemption or deduction allowable." Borchard, *Declaratory Judgments* (2d ed.), pp. 845, 846, 847.

The entire act is framed in broad terms. Liberal inclusion is specifically contemplated. Even the "fact that no question of construction or validity is involved does not necessarily mean that there are no questions concerning the rights of the parties to be litigated," so that declaratory relief is unavailable. 7 Callaghan's Wisconsin Pleading and Practice (3d ed.), sec. 64.05, citing *F. Rosenberg Elevator Co. v. Goll* (1963), 18 Wis. 2d 355, 118 N. W. 2d 858.[2] There is no reason why a trailer occupant cannot institute a declaratory judgment action to determine whether a tax imposed pursuant to sec. 66.058, Stats., is unreasonable or arbitrary.

Declaratory judgment would give the trailer occupant the same type of "review" which the landowner receives

[2] *See Boerschinger v. Elkay Enterprises, Inc.* (1965), 26 Wis. 2d 102, 132 N. W. 2d 258, 133 N. W. 2d 333.

by the "appeal" provision. Where a landowner "appeals" the tax determination via sec. 66.058 (3) (d) 2, Stats., as being excessive, the question before the circuit court is whether the city acted in an unreasonable or arbitrary manner in calculating the tax. *Barnes v. West Allis* (1956), 275 Wis. 31, 81 N. W. 2d 75, was such a suit. The court there said, at pages 38, 39:

"Sec. 66.058 (3) (e), Stats., provides that the parking-permit fee shall be 'equal to actual cost of services furnished.' . . . 'Actual cost' of services to a specific group of residents is incapable of an absolute determination. The legislature chose to use the term, however, and also provided for a preliminary determination followed by a final determination after hearing. We are of the opinion that the statute should be interpreted to require that a figure be reasonably fixed after consideration of the elements of cost, and that the figure should not be arbitrary."

The issue on declaratory judgment would also be whether the tax was unreasonable or arbitrary.

This leaves unanswered the question of *why* the statute provides for an "appeal" for the landowner only. The explanation is that under the statute as originally written, instances could arise where the landowner would not be liable for the tax but the indirect effect upon him would still be substantial. Before 1963, the statute did not contain sub. (3) (f) which provides that a lien is created on the real estate parcel where the mobile home park is situated if the tax is not paid.[3] And before 1957, sub. (3) (e) did not make the owner of the land on which a mobile home was located outside a licensed park liable for the payment of the tax.[4] Therefore, before 1957, a landowner was not liable for the tax unless he was also the licensee of the park. It was not until the 1963 addition of the lien provision that

---

[3] This subsection was created by ch. 356, Laws of 1963.

[4] The words "the occupant thereof or the owner of the land on which it stands" were added to this subsection by ch. 580, Laws of 1957.

the owner of the real estate upon which a park was situated became liable for the tax (unless he was also the licensee, but then his liability would be because he was a licensee, not because he was a landowner).

Were it not for the inclusion of the appeal provision the landowner, who was not a licensee, would have had no avenue for review of the tax at all, even though the effect of an excessive tax could have had a substantial adverse effect on him by making his land undesirable for use as a trailer park. The landowner would not have been entitled to bring a declaratory judgment action because the effect of the tax would have been "indirect" since he was in no way liable for it. It is clear that to have "standing" to request relief by declaratory judgment, a party must be directly affected by the issues in controversy. *Wisconsin Pharmaceutical Asso. v. Lee* (1953), 264 Wis. 325, 58 N. W. 2d 700; *Dean Milk Co. v. Madison* (1950), 257 Wis. 308, 43 N. W. 2d 480. The reason for the "appeal" provision obviously was to afford the landowner the same method of review that could be had by the occupant and the licensee by declaratory judgment.

The appeal provision did not amount to an arbitrary classification denying equal protection when passed. It merely was an attempt to give the landowner a right of review equal to that which the trailer occupant and licensee already had by declaratory judgment.

Since the landowner is now liable under the statute by virtue of the "lien" provision, he could also seek review by declaratory judgment. This renders the "appeal" provision unnecessary. However, since the "appeal" provision does no more than provide the landowner with a judicial review which he and the others liable for the tax can receive by declaratory judgment, it is a harmless provision and is now mere surplusage. It does not render the statute unconstitutional for denying equal protection of the laws.

Because we have concluded that the mobile trailer occupant has an equally effective right of judicial review as that afforded the trailer park owner, we do not reach the claim of a constitutionally invalid classification.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.