(No. 47598.— )

CHARLIE E. BERRY *et al.,* Appellees, *v.* DAN E. COSTELLO, County Collector, Appellant.

*Opinion filed January 20, 1976.*

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for appellant.

Sam S. Pessin, of Belleville, for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiffs filed a class action in the circuit court of St. Clair County seeking a declaration that the mobile home privilege tax (Ill. Rev. Stat. 1973, ch. 120, par. 1201 *et seq.*) is unconstitutional. The named plaintiffs are owners of an inhabited mobile home and under protest paid the assessed tax of $90.72 for the year ending June 30, 1974. The circuit court declared the statute unconstitutional and granted the injunctive and other relief requested by plaintiffs. Defendant brought this direct appeal pursuant to Supreme Court Rule 302(a). Ill. Rev. Stat. 1973, ch. 110A, par. 302(a).

We find that the mobile home privilege tax is constitutionally valid. Consequently, we reverse the decree of the circuit court of St. Clair County.

The pertinent section of the challenged statute (Ill. Rev. Stat. 1973, ch. 120, par. 1203) provides:

"Mobile homes in addition to such taxes as provided in the 'Use Tax Act' shall be subject to the following privilege tax only, and to no other ad valorem tax. Except as provided in Section 7, the owner of each inhabited mobile home shall pay to the county treasurer of the county in which such mobile home is located an annual tax to be computed at the rate of 15 cents per square foot."

Under the 1970 Illinois Constitution the legislature has broad powers to tax. Section 1 of article IX provides:

"The General Assembly has the exclusive power to raise revenue by law except as limited or otherwise provided in this Constitution."

In drafting article IX of the 1970 Constitution, the Committee on Revenue and Finance sought to insure that the legislature would be free from restrictive interpretations of the State's taxing power. Thus, the committee stated in its majority report:

"Section 1 allows the General Assembly broad latitude in imposing taxes. It permits the levy of property, sales, use, franchise, privilege, income, excise, inheritance, gift, severance and all other kinds of taxes. The Committee did not list these taxes in the proposal, however, because of the danger that a court might interpret any omission as a denial of the power to impose a tax not specifically named in the constitution. *** [D]uring the life of this constitution forms of taxation, or variations of. existing forms, may be developed which the state should be free to adopt if its elected representatives so choose.

*** [This proposal] permits the General Assembly to concentrate on the merits of tax policy rather than upon the constitutionality of a particular form of taxation ***." 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2066-67 (hereinafter cited as Proceedings).

The legislature has labeled this tax a "privilege tax on mobile homes." We will therefore first consider the challenge to its validity as a privilege tax.

A State's scheme of taxation is presumed constitutionally valid, and this presumption "may be overcome only by a clear showing that it is arbitrary and unsupportable by any set of facts." (*People ex rel. Kutner v. Cullerton* (1974), 58 Ill.2d 266, 273.) "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." (*Lehnhausen v. Lake Shore Auto Parts Co.* 410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001; see also *Johnson v. Halpin*

(1952), 413 Ill. 257; *Reif v. Barrett* (1933), 355 Ill. 104.) Here, plaintiffs have failed to carry their burden of establishing the invalidity of the tax since, as noted later, we find ample support for it as a "privilege" or nonproperty tax.

Plaintiffs contend that the "privilege" of living in a mobile home is not a privilege but rather a right protected by the State and Federal constitutions. Impliedly, plaintiffs argue that the right of habitation may not be taxed. There is no constitutional prohibition against the taxation of personal rights. "Taxes *** are commonly levied on property or its use, but they may likewise be laid on the exercise of personal rights and privileges." (*Carmichael v. Southern Coal & Coke Co.* (1936), 301 U.S. 495, 508, 81 L. Ed. 1245, 1252, 57 S. Ct. 868.) Further, "the legislative power to tax privileges is not limited to those privileges which the legislature alone authorizes, and which it can entirely abolish, but extends to inherent rights ***." *Johnson v. Halpin* (1952), 413 Ill. 257, 269; see *Harder's Fire Proof Storage and Van Co. v. City of Chicago* (1908), 235 Ill. 58.

The Supreme Court of Wisconsin in *Barnes v. City of West Allis* (1957), 275 Wis. 31, 81 N.W.2d 75, was faced with a constitutional challenge to a monthly parking fee on mobile homes or house trailers. The plaintiff there had argued that the tax was invalid because "the right to live in a home is a natural right rather than a privilege." The court replied that in Wisconsin "it is established that a tax which does not violate other constitutional principles can properly be laid upon inherent or natural rights." 275 Wis. at 38, 81 N.W.2d at 79.

The tax involved here is not simply a tax on the natural right to shelter and habitation. It is a tax on the privilege of owning an "inhabited mobile home." The tax is a reasonable means of defraying the costs incurred by local governmental units in providing certain benefits to the occupants and owners of mobile homes. (For an

analysis of various methods of taxation of mobile homes to pay these costs see 2 N. Williams, American Planning Law, Land Use and the Police Power, sec. 57.40 (1974); see also Comment, *Toward an Equitable and Workable Program of Mobile Home Taxation,* 71 Yale L.J. 702 (1962); Bartke and Gage, *Mobile Homes: Zoning and Taxation,* 55 Cornell L. Rev. 491 (1970).) There are also other benefits that attach to the privilege of owning an inhabited mobile home which render this classification entirely reasonable. Unless placed on a permanent foundation the mobile home may escape real estate taxation; it is relatively easy to relocate and it is more responsive to employment opportunities and personal desires than are fixed homes. (See Comment, *The Search for an Equitable Approach to Mobile Home Taxation,* 21 DePaul L. Rev. 1008 (1972).) We conclude that owning an occupied mobile home is a taxable privilege.

As a nonproperty tax the statutory classification is subject to two constitutional requirements: reasonableness and uniformity. (Ill. Const. 1970, art. IX, sec. 2.) As noted above the class defined here is reasonable. It encompasses a readily identifiable and commonly understood class, and the definition of "mobile home" in section 1 of the Act (Ill. Rev. Stat. 1973, ch. 120, par. 1201) is neither vague nor overbroad. The tax is clearly uniform since it applies alike to all persons similarly situated. All owners of inhabited mobile homes are taxed at the same rate per square foot. All owners of inhabited mobile homes having the same square footage are taxed equally. Plaintiffs admitted in their memorandum brief in the trial court that the tax was billed *"uniformly* on a Fifteen Cents ($.15) per square foot basis per annum." (Emphasis ours.)

There is no requirement, as plaintiffs imply, that the tax be uniform by value. There is nothing inherently more fair or equitable in a tax based on value than one based on some other criterion. In fact an *ad valorem* tax often lacks statewide uniformity since assessed valuation may vary

from county to county and assessor to assessor. Because a square footage based tax is not subject to discretionary valuations, the General Assembly is assured of uniformity throughout the State. Also, a rate based on square footage may be the most desirable in this situation. The greater the square footage, the more people who can live in the mobile home, and consequently the more people who may use local governmental services.

Plaintiffs argue that in essence this is a tax on "property," a tax on the mobile home itself. It should be noted however that the statute, by its express terms, applies only to *inhabited* mobile homes. It does not apply to a vacant mobile home stored in the county but used elsewhere for recreation. It does not apply to a mobile home held for sale within the county.

Plaintiffs' contention that this is a personal property tax finds some support in *United States v. Illinois* (E.D. Ill. 1975), 387 F. Supp. 638, *aff'd* (7th Cir. Nov. 4, 1975), —— F.2d ——, wherein the court held that the mobile home privilege tax is a tax "in respect of personal property" and as such is prohibited by section 514 of the Soldiers and Sailors Civil Relief Act (50 U.S.C.A. Appendix sec. 574), in its application against nonresident servicemen temporarily residing in Illinois and absent from their State of domicile by reason of military orders. It should be noted that the court in that case was passing only on this tax as it relates to the provision of the Soldiers and Sailors Civil Relief Act. This decision, of course, is not binding on the courts of this State in determining the nature of the tax as it relates to our constitutional provisions.

Even if it were determined that this is a personal property tax, as plaintiffs argue, such a determination would not be fatal to its validity. The 1970 Illinois Constitution refers to the abolition of *ad valorem* personal property taxes. (Const. 1970, art. IX, sec. 5(b)(c).) The Constitution allows the General Assembly to "classify

personal property for purposes of taxation by valuation." (Const. 1970, art. IX, sec. 5(a).) Taxation of personal property by valuation, as to individuals, had been abolished prior to the 1970 Constitution. (Const. 1870, art. IX-A.) However, the tax we are now considering is not an *ad valorem* tax or a tax of personal property by valuation.

In fact, the Committee on Revenue and Finance of the constitutional convention specifically considered the type of tax being challenged here. In its explanation of the committee proposal concerning personal property taxation, it stated that the section "permits the General Assembly to classify personal property for taxation, to abolish taxation of any or all classes or "to tax personal property by methods other than by valuation." The explanation continued: "The General Assembly, for example, *** could tax mobile homes on a squarefoot basis rather than on a valuation basis." (7 Proceedings 2129.) Delegate Karns, chairman of the committee, in explaining the proposal to the convention stated that "any reasonable basis other than value could be the basis for the taxation of personal property, for instance, mobile homes by square footage, yachts by length, airplanes by horsepower." 3 Proceedings 1910.

Thus, contrary to plaintiff's argument, even if the tax under consideration here is deemed to be a tax on personal property, it is not violative of our constitution. As a privilege tax, which the legislature has designated this to be, we find the classification reasonable and the tax uniform and in conformance with section 2 of article IX. Under section 1 of article IX the legislature has broad taxing power, and unless violative of a constitutional provision we will not question the reasonable exercise of that power.

The judgment of the circuit court of St. Clair County is reversed.

*Judgment reversed.*