MADISON GENERAL HOSPITAL ASSOCIATION, a domestic nonprofit corporation, Appellant, v. CITY OF MADISON, a municipal corporation, Respondent: UNITED STATES LEASING CORPORATION, a foreign corporation, and others, Defendants. [Case No. 576.]

UNITED STATES LEASING CORPORATION, a foreign corporation, Appellant, v. CITY OF MADISON, a municipal corporation, Respondent: MADISON GENERAL HOSPITAL ASSOCIATION, a domestic corporation, Defendant. [Case No. 577.]

*Nos. 576, 577 (1974). Submitted on briefs January 7, 1976.—*
*Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 750.)

For the appellants there were briefs by *Eugene O. Gehl, Timothy D. Fenner,* and *Axley, Brynelson, Herrick & Gehl,* all of Madison.

For the respondents there was a brief by *Edwin Conrad,* city attorney, and *Henry A. Gempeler,* city attorney designee, all of Madison.

ROBERT W. HANSEN, J.   The sole issue in the appeal of Madison General Hospital Association is whether such hospital association has standing to bring a declaratory judgment action seeking a determination that certain property leased and used by it is exempt from taxation.

So we do not reach nor seek to resolve the question of whether the leased property involved is or is not exempt from taxation.   For background or frame of reference purposes only, we note that the hospital here has leased from certain companies equipment used by it in conjunction with the regular activities of the hospital.   The leasing agreements provide that the hospital shall pay or reimburse the companies for all property taxes levied against the equipment leased.   The city has placed the leased property on the city's tax rolls and made property tax assessments for 1972 and prior years.

The issue at time of trial, but not now, apparently will be as to the applicability to the situation of sec. 70.11

(4m), Stats., providing that property ". . . which is used exclusively for the purposes of any hospital of 10 beds or more . . ." is exempt from taxation. On this appeal we address ourselves solely to the issue of the standing of the hospital to bring this action for a declaratory judgment under sec. 269.56 (2). That section of the Declaratory Judgment Act provides:

"(2) . . . Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder. . . ."

This court has set forth four conditions precedent which must exist before a declaratory judgment action can be brought and maintained. They are as follows:

"(1) There must exist a justiciable controversy—that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it.
"(2) The controversy must be between persons whose interests are adverse.
"(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.
"(4) The issue involved in the controversy must be ripe for judicial determination." *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 22, 264 N. W. 627, citing Borchard, *Declaratory Judgments,* pages 26–57.

The trial court held that the fact that the hospital was required under the lease agreements to pay or reimburse the lessors of the leased property for taxes levied on the property did not give the hospital standing to challenge the taxability of the property it leased. We see this holding and the issue in this case to relate to the third of the four listed conditions precedent, *i.e.,* whether the

hospital here has a "legally protectible interest" in the controversy. While arguments raised on this appeal deal with others of the four conditions precedent, we hold that here the conditions as to justiciable controversy, adverse interests and ripeness for judicial determination are met, and proceed to the primary and controlling issue of whether the hospital here has a legally protectible interest in the controversy or dispute as to taxability of the property involved.

While the issue presented is one of construction of the declaratory judgment statute, which is to be "liberally construed and administered," (sec. 269.56 (12)), both parties direct this court's attention to the case of *Ramme v. Madison* (1967), 37 Wis. 2d 102, 154 N. W. 2d 296. There, in an action for declaratory judgment attacking the constitutionality of a mobile home parking fee statute (sec. 66.058 (3)), the plaintiff-occupant of a mobile home complained that the statute gave the right of appeal only to owners of land upon which mobile home parks are located and not to occupants of the mobile homes. The statute made the licensee of the park liable for the monthly parking permit fee as well as the owner and occupant of a mobile home in the park (sec. 66.058 (3) (c) 1). The *Ramme* holding was that there was no reason why the occupant of a trailer home cannot institute a declaratory judgment action to challenge the tax imposed. The city here relies on the statement in *Ramme* that to have standing to request declaratory judgment ". . . a party must be directly affected by the issues in controversy." (*Ramme v. Madison, supra,* at page 116.) The hospital here relies on the statement in *Ramme* that, since the occupants of the mobile homes are "liable" for the tax, and the tax is to be collected from them, ". . . it is reasonable to conclude that the legislature intended that they are the direct objects of the tax." (*Id.* at page 111.) We see hospitals of ten beds or more as such "direct objects" of sec. 70.11

(4m) in its grant of tax exemption to property "exclusively used" by such hospitals. We do not reach or resolve the question of whether the statute grants tax exemption to leased property, not owned by the hospital but used exclusively for hospital purposes, when we hold that the hospital here, as a "direct object" of the exemption granted, does have standing to bring an action for declaratory judgment to determine the extent or interpretation to be given the exemption granted by the statute.

Very recently this court has made clear that the "gist of the requirements relating to standing" is to assure that the party seeking relief has alleged "such a personal stake in the outcome of the controversy as to give rise to that adverseness necessary to sharpen the presentation of issues for illumination of constitutional questions." (*Moedern v. McGinnis* (1975), 70 Wis. 2d 1056, 236 N. W. 2d 240.) We see the hospital here as having alleged such "personal stake" in the outcome, it being the only party, except for the city, with a real stake in the outcome. Actually the four private companies leasing the equipment do not stand to lose however the hospital exemption statute may be construed and applied. In *Moedern* our court held that, as to whether or not the allegation of stake in the outcome was sufficient to confer standing, depends on whether there is a " 'logical nexus between the status asserted and the claim sought to be adjudicated.' " (*Id.* at page 1064, quoting *Flast v. Cohen* (1968), 392 U. S. 83, 102, 88 Sup. Ct. 1942, 20 L. Ed. 2d 947). Both as to existence of a legally protectible interest and as to adversity of interest between the parties, we hold that such "logical nexus" is here established. We conclude that the hospital here does have standing, under the four-fold test, to bring this action for a declaratory judgment.

So holding brings us to the appeal of the sustaining of demurrer in the action brought by United States Leasing Corporation, pursuant to the declaratory judgment

statute, seeking a declaratory judgment that property leased by it to the hospital and used exclusively by the hospital for hospital purposes, was exempt from taxation under sec. 70.11 (4m), Stats. This action involves the same facts and issue presented in the action brought by the hospital. This action was brought after demurrer was sustained in the hospital case. Demurrer in the second case was sustained on the ground that the corporation should have proceeded under sec. 74.73, providing for recovery of illegal taxes. While the existence of another remedy does not, in appropriate cases, preclude declaratory relief, jurisdiction for a declaratory judgment " 'will not ordinarily be entertained where another equally or more appropriate remedy is available. . . .' " (*Hancock v. Regents of University of Wis.* (1973), 61 Wis. 2d 484, 491, 213 N. W. 2d 45, quoting 26 C. J. S., *Declaratory Judgments* at page 82, sec. 17.) (Obviously, since no taxes have been assessed against the hospital, this alternative would not be available to it since the statute applies only to parties against whom taxes have been assessed.) We need not reach the merits of this second action since we find a reason for dismissal of this appeal present whether or not an equally or more appropriate remedy was available to the corporation. With the first action by the hospital proceeding, we see no reason for the second action to have been brought or for it now being entertained. We see no issue presented by the corporation in its action for a declaratory judgment that will not be determined and resolved in the prior action for declaratory relief brought by the hospital.

Our court has held the general rule, and the rule it follows, to be that " 'jurisdiction of a declaratory-judgment action will not be entertained if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declara-

tory action.' " (*Cheese Makers Mut. Casualty Co. v. Duel* (1943), 243 Wis. 406, 415, 10 N. W. 2d 125, quoting Annot. (1941), 135 ALR 934.) Here the only difference as to parties involved is that the hospital case involves four leases with four companies, while the second action involves only one of the four leases. One purpose of a declaratory judgment is: "To enable interpendent rights involving numerous parties to be settled in a single proceeding." (Borchard, *Declaratory Judgments* (1941), page 284.) It is in the first or initial action, brought by the hospital, that the hospital, the city and all four leasing corporations are joined, and it is in that prior action that all issues presented in either of the two actions can be resolved. Our court has held that it is ". . . entitled to find moot and dismiss appeals where its ruling is no longer needed or makes no difference as to the resolution of a controversy." (*Appel v. Halverson* (1971), 50 Wis. 2d 230, 233, 184 N. W. 2d 99.) Finding that the issue in controversy in the corporation's action as to whether or not the leased property is exempt from taxation will be resolved in the action for declaratory relief brought by the hospital, we hold the second action, brought by United States Leasing Corporation, to have become moot and dismiss the appeal.

*By the Court.—Case No. 576.* Order sustaining demurrer of the city to the complaint of the hospital association is reversed, and cause remanded for further proceedings consistent with this opinion.

*Case No. 577.* Appeal from order sustaining the demurrer of the city to complaint of the plaintiff is dismissed.