SCHMIDT, Trustee in Bankruptcy, Plaintiff, vs. LA SALLE FIRE INSURANCE COMPANY, Defendant and Cross-complainant, Respondent, and NATIONAL RETAILERS' MUTUAL INSURANCE COMPANY, Interpleaded Defendant and Appellant.

*November 9—December 6, 1932.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur T. Spence* of counsel, all of Milwaukee, and oral argument by *Mr. Spence.*

For the respondent there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

FRITZ, J.   The plaintiff, as trustee in bankruptcy of Edward Baumgartner, is prosecuting this action to recover for a fire loss on an insurance policy issued to Edward Baumgartner, as the insured, by the defendant La Salle Fire Insurance Company (hereinafter referred to as the La Salle Company).   That defendant answered, admitting that plaintiff had sustained loss which was within the coverage of a policy which it had issued, but further alleged that the National Retailers' Mutual Insurance Company (hereinafter referred to as the Retailers' Company) had also issued a policy to the same insured, and covering the same property and risk; that therefore the La Salle Company was only liable to the insured for its proportionate share of the loss prorated between the policies respectively issued by the insurers; that the La Salle Company is unable to determine what its proportionate share of the liability amounts to because it is not informed as to whether the Retailers' Company policy was in blanket form with a lump sum covering all of the property or whether the coverage was apportioned to specific items or classes of insured's property; and that the La Salle Company is entitled to the dismissal of the complaint excepting as to the La Salle Company's proportionate share of the loss.   On motion of the La Salle Company, the Retailers' Company was ordered to be added as a party defendant, and by way of cross-complaint for relief against the Retailers' Company, the La Salle Company re-alleged the matters pleaded in its answer as stated above.   On those allegations the La Salle Company demanded that the judg-

ment to be entered for recovery by the plaintiff from the La Salle Company should also provide that the latter, if required to pay to plaintiff the full appraised loss, shall recover from the Retailers' Company the latter's *pro rata* portion thereof. The Retailers' Company demurred to that cross-complaint on the ground that the facts alleged were insufficient to constitute a cause of action. The demurrer was overruled, and from an order to that effect, in which the court also affirmed its former order impleading the Retailers' Company as a party defendant, the latter appealed.

On this appeal the La Salle Company concedes that, under the policies involved herein (which are in the form prescribed in sec. 203.01, Stats.) and under the decision in *Fitzsimmons v. City Fire Ins. Co.* 18 Wis. *234, 246, it is not entitled to recover a money judgment as and for contribution from the Retailers' Company. In lines 101 to 105 of the prescribed Wisconsin standard fire insurance policy there is the provision:

"This company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not and whether collectible or not."

Consequently, the La Salle Company is liable to the plaintiff for its proportionate share of the loss only, and as it cannot lawfully be required to pay to plaintiff any amount in excess of such proportionate share, there will not arise any occasion for contribution by the Retailers' Company to the La Salle Company.

However, the La Salle Company now contends that sufficient facts are alleged to entitle it on its cross-complaint against the Retailers' Company to declaratory relief as to whether the relationship of insured and insurer existed at the time of the loss between plaintiff and the Retailers' Company; and, if so, whether the policy, by virtue of which there existed such relationship, was for blanket insurance on all

of the property, or whether the coverage was apportioned to specific items; and further contends that it is entitled to have the Retailers' Company continued as a party defendant to this action to litigate those issues, although the La Salle Company now seeks no other relief or recovery as against the Retailers' Company, and the plaintiff has never sought any relief or recovery against that defendant in this action. Even if it be assumed that the declaratory relief sought on its cross-complaint by the La Salle Company is within the power of courts under the Declaratory Judgments Act, sec. 269.56, Stats., and that the La Salle Company is entitled to invoke judicial action for such relief, and have the Retailers' Company joined as a party defendant in litigation instituted solely for that purpose, although no other relief against the Retailers' Company is sought by the La Salle Company or any other party to the litigation, nevertheless, under the facts and circumstances which are disclosed by the record herein, it would be going beyond the purposes of the act to entertain jurisdiction as against the Retailers' Company solely for the purpose of making such an adjudication. The very issues as to which the La Salle Company seeks declaratory relief are, in all respects, involved in and the subject of judicial investigation and consideration, and must necessarily be determined by the court in this action in order to decide the issues which are raised by the La Salle Company's answer to the plaintiff's complaint, without any occasion for any further pleading by cross-complaint or otherwise, or the joinder of any other person as a party to this litigation.

The determination of those issues as raised merely by the answer to the complaint will be as effectively *res adjudicata,* as between plaintiff and the La Salle Company as far as any possible right or legal interest therein of the latter is concerned, as if it were permitted to also introduce those issues into this litigation by a cross-complaint to be answered

by the Retailers' Company as an added party defendant in this action. To entertain jurisdiction under such circumstances solely for declaratory relief, or to implead a stranger to litigation as a party defendant solely for the purpose of decreeing such relief, would disregard the fact that—

"The Declaratory Judgments Act is an effort to provide a tribunal in which controversies may be determined which could not otherwise be presented for determination to a court having jurisdiction." *Miller v. Currie,* 208 Wis. 199, 205, 242 N. W. 570, 572.

In that case this court quoted with approval certain requirements of a proper case for declaratory relief as set out in *Washington-Detroit Theatre Co. v. Moore,* 249 Mich. 673, 678, 229 N. W. 618, 619, 68 A. L. R. 105, and among them was the proposition that—

"Ordinarily, the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, *especially where the disputed questions of fact will be the subject of judicial investigation in a regular action."*

The rule as thus stated is in accord with the result, in that respect, which was stated in *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174, after an extended review of the authorities, viz., "that courts will not . . . entertain a declaratory relief action where ordinary remedies exist for granting the relief prayed for." To the cases cited in support of that statement there may be added *Newburger v. Lubell,* 257 N. Y. 383, 178 N. E. 669, in which the court said:

"The question to be determined is whether the appellate division exercised its discretion erroneously in holding the complaint insufficient to require the court to proceed to a declaratory judgment. . . . A suit for a declaratory judgment is a discretionary remedy (Civil Practice Act, sec. 473), which may be withheld if existing forms of action are reasonably adequate."

It follows that in the case at bar, as was the situation also in *Heller v. Shapiro, supra,* as the pleading does not entitle

the La Salle Company to declaratory relief, it is demurrable and cannot be sustained when challenged by demurrer. Consequently, the order overruling the demurrer of the Retailers' Company to the cross-complaint must be reversed, and in the absence of some pleading setting forth facts sufficient to constitute a cause of action against that defendant, or showing that it is in some respect a necessary and proper party to this action, it is entitled to be discharged as a party thereto.

*By the Court.*—Order overruling demurrer to cross-complaint reversed, and cause remanded for further proceedings in accordance with the opinion.