F. ROSENBERG ELEVATOR COMPANY, INC., Appellant, v. GOLL, Respondent.

*November 26, 1962—January 8, 1963.*

For the appellant there was a brief by *Affeldt & Lichtsinn,* and oral argument by *Eldred Dede,* all of Milwaukee.

For the respondent there was a brief by *Adolph I. Man-delker* and *Bernstein, Wessel, Weitzen & Lewis,* all of Milwaukee, and oral argument by *Samuel Weitzen.*

WILKIE, J. This is a pleading-and-practice case. The circumstances presented undoubtedly raise issues on which the plaintiff should be entitled to its day in court. The sole issue is whether this is a proper case for declaratory relief under sec. 269.56, Stats.[1] We are convinced that it is and that the demurrer to plaintiff's complaint therefore should have been overruled.

---

[1] Wisconsin adopted the Uniform Declaratory Judgments Act in 1927. The pertinent provisions of that act (sec. 269.56, Stats.) are as follows:

"(1) *Scope.* Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

"(2) *Power to construe, etc.* Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. No party shall be denied the right to have declared the validity of any statute or municipal ordinance by virtue of the fact that he holds a license or permit under such statutes or ordinances.

"(3) *Before breach.* A contract may be construed either before or after there has been a breach thereof.

"(5) *Enumeration not exclusive.* The enumeration in subsecs. (2), (3), and (4) does not limit or restrict the exercise of the general powers conferred in subsec. (1) in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

As stated in the leading case of *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 21, 264 N. W. 627, "By its very terms it [the Uniform Declaratory Judgments Act] is 'declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be *liberally construed and administered.*'" (Italics ours.) In that case the court, at page 22, listed the familiar four pre-requisites that must be present before a party can ask for a declaratory judgment.

"(1) There must exist a justiciable controversy—that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it.
"(2) The controversy must be between persons whose interests are adverse.
"(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.
"(4) The issue involved in the controversy must be ripe for judicial determination. Borchard, Declaratory Judgments, pp. 26–57."

On this appeal we must determine whether the instant complaint meets all four tests and thus withstands the demurrer.

In its complaint the plaintiff is asking for relief in three different respects. It is asking for (1) a declaration by the court of the reasonable rental value of the premises in view of the breach of the construction contract; (2) a return of that part of the rental money it has already paid over the amount that the court determines the monthly rental to be (this demand was indicated more precisely in oral argument and is otherwise contained in plaintiff's general prayer for relief) ; and (3) a reduction in the option price of the premises, also in view of the breach of the construction contract. No construction or interpretation of the contract terms is

asked for. No reformation of any agreement is contemplated. The whole point of asking for declaratory relief is that the plaintiff believes the rental should be reduced and it does not want to work a forfeiture by taking the matter into its own hands by paying a reduced rent. It also wants to know how much the option purchase price should be fairly reduced because of the alleged breach.

The trial court, in sustaining the demurrer, held that:

"The relief prayed for is not within the literal scope set forth in this subsection [referring to sub. (1) of sec. 269.56, Stats.]. A declaration of 'rights, status, and other legal relations' has not been prayed for by the plaintiff. The defendant is not contesting the plaintiff's *right* to occupy the premises and to use it in a manner conforming to the contract, nor does it deny to the plaintiff the *right* to exercise any of its options provided in the lease contract. The *status* of the plaintiff as tenant and option holder is not in dispute. No issue of *legal relations* has been raised by the plaintiff's complaint."

In essence, the trial court held that since the matter of construction or validity of the contract is not in issue, the court cannot grant declaratory relief. With respect to the option-price controversy, the court also held that it could not grant declaratory relief. The court stated:

"The complaint fails to state facts sufficient to support a cause of action for declaratory relief for future damages arising out of the breach of contract by the defendant inasmuch as no issue of the construction of the contract is involved. Similarly, the cause of action based upon the breach with respect to the property right in the option to purchase is not a matter of construing the contract. In addition to this objection, there is the further infirmity with respect to the option clause in that it falls within the rule set forth in the *Heller Case* [*Heller v. Shapiro* (1932), 208 Wis. 310, 313, 242 N. W. 174] that the court cannot act in a mere advisory capacity or take cognizance of questions that may never arise."

Although from the allegations of the complaint there appears to be no question of construction or validity of a contract or lease involved here, that does not necessarily mean that there are no questions concerning the rights of the parties to be litigated.

While it is true that we have held on many occasions declaratory relief is not available "upon a state of facts that may or may not arise in the future," [2] it is also true that our court has permitted declaratory relief to be invoked where there is an existing state of facts that can properly form the basis for a declaration or adjudication.[3]

1. *The controversy concerning the alleged reduced rental value resulting from the alleged breach of contract is the proper subject of declaratory relief.* The complaint alleges that contrary to the precise plans and specifications the building was built well below grade rather than above as specified. The contention is that this results in a building of substantially lesser rental value. The first question to be determined is whether there has been a breach. The second question to be determined, if there has been a breach, is the amount of the reduced rental. This clearly presents a "justiciable controversy," involving persons "whose interests are adverse" and the plaintiff as the tenant-purchaser under this construction-lease-purchase agreement has a "legally protectible interest," the controversy concerning which is "ripe for judicial determination."

Although there is no construction question such as is contemplated by sec. 269.56 (1), Stats., the decree sought "will

---

[2] *Heller v. Shapiro* (1932), 208 Wis. 310, 313, 242 N. W. 174. Also see *State ex rel. La Follette v. Dammann, supra,* at page 23.

[3] *Heller v. Shapiro, supra,* at page 313, where the court states: "So far as the statute has heretofore been invoked in cases that have reached this court, an existing state of facts has been the basis of the declaration or adjudication. *Rosenberg v. Whitefish Bay,* 199 Wis. 214, 225 N. W. 838; *Northwestern Nat. Ins. Co. v. Freedy,* 201 Wis. 51, 227 N. W. 952; *Milwaukee v. Chicago &*

terminate the controversy or remove an uncertainty" as provided under sec. 269.56 (5).[4]

The alternative to declaratory relief would be to require the lessee either to make payment of rents as provided and then to sue in damages for breach of contract by the lessor or to face a claim for forfeiture or for damages in the event it takes the matter into its own hands and pays the reduced rental value. These are alternatives that the declaratory-relief action is designed to make unnecessary.[5]

2. *Where declaratory relief is proper for determining the rights of parties in the controversy concerning alleged reduced rental value, the court should proceed to award any damages that may follow from and be incidental to its declaration of such rights.* In the instant case the complaint alleges that the plaintiff has occupied the premises since prior to July 1, 1960, and has been paying the prescribed rental. Although the plaintiff does not specifically ask for damages representing the portion of the past rental payments that will be considered to be in excess in the event that there is a determination that the rental value and payments should be reduced from the prescribed amounts as a result of the alleged breach, the plaintiff on oral argument made it plain that it desired such relief and presumably this is covered by that provision in its overall prayer for relief asking for "such other and further relief as may in the premises be just and equitable."

---

*N. W. R. Co.* 201 Wis. 512, 230 N. W. 626; *S. S. Kresge Co. v. Railroad Comm.* 204 Wis. 479, 235 N. W. 4, 236 N. W. 667."

[4] Borchard, Declaratory Judgments (2d ed.), at page 619, states: "The lessee, claiming rights under the lease or the lessor's breach of covenants, may, instead of acting on his own view and committing trespass and running other risks, place in issue by declaration his disputed right or the defendant lessor's duty, combining his request, if desired, with a prayer for damages, abatement of rent, or other relief."

[5] *Miller v. Currie* (1932), 208 Wis. 199, 203, 204, 242 N. W. 570.

It is not the role of declaratory judgment to take the place of an action for damages.[6] But in a proper case for declaratory relief, where the court has entered a decree adjudicating the rights of parties and where the granting of relief in the form of damages may be predicated on that determination of rights, the court making the determination should also make that award of damages.[7]

The basic purpose of the declaratory-relief procedure would be served here by having the incidental award of damages for excessive past rentals paid if the same can be fairly and accurately determined, as it should be, on the basis of the court's determination of rental values.

3. *The controversy concerning the alleged reduction in the option price contained in the construction-lease-purchase agreement, which reduction would result from the alleged breach of contract, is the proper subject of declaratory relief.* The plaintiff alleges that the option price in the construction-lease-purchase agreement should be reduced by $25,000 because the building value has decreased due to the alleged breach of contract.

---

[6] In *Calvary Independent Baptist Church v. Rome* (1951), 208 Ga. 312, 315, 66 S. E. (2d) 726, the court stated: "The legislative intent and purpose of our Declaratory Judgment Act is to relieve against uncertainty and insecurity; to declare rights, status, and legal relations, but not to execute remedies or grant coercive relief. . . . Consequently, a judgment for damages may not be recovered in a declaratory action."

[7] 1 Anderson, Declaratory Judgments (2d ed.), sec. 122, where it is stated, at page 223: "If damages or other similar relief is sought, this can only be obtained after granting a declaration of rights upon which such relief may then be predicated, and the fact that such damages or other relief is prayed for in the complaint does not change the rule.

"In the first instance it is not the office of the declaratory judgment to award damages, but in a proper case the court may in a declaratory judgment action construe a lease or other contract and after the entry of a declaration then make an award of damages."

We have heretofore held that under declaratory relief a court cannot act "in a mere advisory capacity or take cognizance of questions that may never arise . . ." [8]

But here the option, as alleged, is an interest in real estate [9] and the option provisions in the contract express present rights and form an integral part of the whole agreement covering construction of the building and lease and purchase by the tenant. The court knows that this has become a popular method of arranging for the construction of desired premises.

While it could be argued that the option in no event can be exercised before five years from the beginning date of the basic lease and even then the tenant may not exercise its option to buy, whether the plaintiff or its assignee, should there be one, will exercise the option will be materially influenced by the price that it will be obliged to pay for the premises. Certainly the alleged breach may have a substantial effect on the value of the building and the price for which it may be purchased.

If the subject matter of the complaint as far as reduced rental values is deemed, as we here hold, a proper subject for declaratory relief then the wholly related controversy concerning the option price should also be embraced in the same declaratory-relief action. [10] There is no reason why

---

[8] *Heller v. Shapiro, supra,* at page 316.

[9] *Owens v. Hughes* (1925), 188 Wis. 215, 216, 205 N. W. 812; *Kreutzer v. Lynch* (1904), 122 Wis. 474, 478, 100 N. W. 887. See also Restatement, 1 Contracts, pp. 29–31, sec. 24, holding that an option is a contract under which there are present rights.

[10] That it has been held proper to consider questions arising under option agreements in a declaratory-judgment action is supported by Borchard, Declaratory Judgments (2d ed.), at page 953, where he states: "Before the expiration of a lease, containing an option to renew or purchase, lessor and lessee may find themselves in dispute as to the right to renew or purchase, or to exercise the right under given conditions or at a certain time. The conflict throws into doubt and uncertainty the rights of both parties when later the lease expires or the option becomes exercisable, and it

the parties should have to wait for five years to litigate the issue since all the facts are presently available for a determination now of the issue on the option price. The declaratory-judgment procedure is equitable in nature,[11] and the courts would not be doing equity to sidestep this opportunity to adjudicate that issue, and to force the tenant to tender the original option price and then start a lawsuit for the reduced value that it is entitled to. Another reason for considering the option question now is that the evidence concerning rental value is also the same for proper determination of whether any adjustment should now be made in the option price.

We conclude that with respect to the controversy concerning the option price there is a "justiciable controversy" between the parties involving persons "whose interests are adverse" and the plaintiff has "a legally protectible interest" in a controversy which is "ripe for judicial determination." This is a proper controversy to be litigated by an action for declaratory relief.

*By the Court.*—Order reversed, and cause remanded for further proceedings.

---

becomes important to know immediately whether the right to renew or purchase exists or not. Present peace of mind and social security often require that future rights under contract be clarified when thrown into doubt. For the dissipation of these clouds, the declaratory judgment has proved an efficacious instrument."

[11] *Morris v. Ellis* (1936), 221 Wis. 307, 266 N. W. 921.