HANCOCK, Respondent, v. REGENTS OF THE UNIVERSITY OF WISCONSIN, Appellant.

*No. 223. Argued November 28, 1973.—Decided December 21, 1973.*
(Also reported in 213 N. W. 2d 45.)

For the appellant the cause was argued by *Betty R. Brown*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

For the respondent there was a brief and oral argument by *Jerry L. Hancock* of Madison, pro se.

CONNOR T. HANSEN, J. It is undisputed that neither the plaintiff nor his wife were residents of Wisconsin for any purpose at the time the plaintiff entered the Law School of the University of Wisconsin, in September of 1969. At that time, the plaintiff was a resident of Colorado.

In September, 1970, and at the beginning of his second year in law school, the plaintiff applied to the University of Wisconsin to have his status for tuition purposes changed from nonresident to resident, pursuant to sec. 36.16, Stats., which provides, in part, as follows:

". . . **Nonresident tuition at university; exceptions.** (1) (a) Any adult student who has been a bona fide resident of the state for one year next preceding the beginning of *any* semester for which such student registers at the university, . . . *shall* while he continues a resident

of the state *be entitled to exemption from nonresident tuition,* but not from incidental or other fees and tuition in the university.

"...

"(3) In determining bona fide residence, filing of state income tax returns in Wisconsin, eligibility for voting in this state, motor vehicle registration in Wisconsin, and employment in Wisconsin shall be considered. Notwithstanding par. (1) (a), a student from another state who is in this state principally to obtain an education will not be considered to have established a residence in Wisconsin by virtue of attendance at educational institutions." (Emphasis supplied.) [1]

At the time the plaintiff applied for a change in status he had been physically present in Wisconsin for approximately one year. However, he did not satisfy the four criteria enumerated in sec. 36.16 (3), Stats. He did not have employment in Wisconsin, although he had a part-time job for which he was not paid, but for which he received academic credits. Also, he had not filed a Wisconsin income tax return; however, his wife had secured employment shortly after their arrival in Wisconsin in the fall of 1969, and she had filed a Wisconsin income tax return.

The university residence examiner declined to change the plaintiff's status, and the appeals committee of the university, after considering his documentary evidence and hearing his arguments, also determined he was not

[1] Similar statutes with a durational residence requirement have been found constitutionally permissible. *See Starns v. Malkerson* (D. C. Minn. 1970), 326 Fed. Supp. 234, aff'd mem. (1971), 401 U. S. 985, 91 Sup. Ct. 1231, 28 L. Ed. 2d 527; *Kirk v. Regents of University of California* (1969), 273 Cal. App. 2d 430, 78 Cal. Rptr. 260, appeal dismissed (1970), 396 U. S. 554, 90 Sup. Ct. 754, 24 L. Ed. 2d 747. *See: Vlandis v. Kline* (1973), 412 U. S. 441, 93 Sup. Ct. 2230, 37 L. Ed. 2d 63; *Spatt v. New York* (1973), 361 Fed. Supp. 1048, affirmed without opinion December 3, 1973. #73–545.

a resident for tuition purposes at the time he applied for a change in status in September, 1970.

The plaintiff testified at trial and the determinative facts are not in dispute. The plaintiff applied to several law schools in various parts of the country and ultimately chose Wisconsin in preference to Colorado. He originally came to Wisconsin in September of 1969 for the purpose of going to the law school.

In March, 1970, during the second half of the 1969–70 school year, the Colorado license plate on his car expired, and he registered his car in Wisconsin.

In August, 1970, the plaintiff and his wife registered to vote in Wisconsin.

In October, 1970, approximately one month after he had applied to the university for resident status, he was hired by a Madison, Wisconsin, lawyer as a part-time law clerk. He received compensation for this work and it appears he has now graduated from law school and is still associated with this lawyer. His work for Legal Services Center of Dane county for academic credits continued until February, 1971. Also, in February, 1971, he filed his first Wisconsin income tax return. He declared gross income of his own in the amount of $166.25, representing income as a part-time law clerk in October, November and December, 1970.

At the time of the plaintiff's application in September, 1970, he had not satisfied all the considerations of sec. 36.16 (3), Stats. He had not commenced paid employment and had not filed a state income tax return, and, therefore, he was not yet a bona fide resident, as required by the statute. The lower court also concluded that the plaintiff was not entitled to a change in status for tuition purposes for the school year of 1970–71. We agree.

The trial court, however, then proceeded to consider the plaintiff's residency status for tuition purposes for

the school year of 1971–72, even though the plaintiff had never made an application to the university residence examiner for a change in status for the school year of 1971–72.

The defendants, in their answer, both prior to and throughout the trial, and now on appeal, have consistently taken the position that the trial court was without jurisdiction to make a declaration of rights as to any semester except the specific semester for which the plaintiff applied for a change in status. They argue that sec. 36.16 (1) (a), Stats., provides that the plaintiff could have applied for exemption from nonresident tuition at the beginning of *any* semester; that he only did so for the first semester of the 1970–71 school year, and that the university has never had an opportunity to consider granting or denying a change in status for any subsequent semester. Therefore, there is no actual or justiciable controversy in respect to any semester except the one for which the application was actually made.

Although several issues are raised on this appeal, we consider the following one to be dispositive of this proceeding.

Did the trial court have jurisdiction in this declaratory judgment action to determine the issue of whether the plaintiff was entitled to resident status for tuition purposes for the school year of 1971–72?

The university has an established procedure for the determination of a student's residency status for tuition purposes. The student first applies to a residence examiner of the university. This examiner determines whether a student is a resident for tuition purposes and in making this determination considers all relevant criteria including those specifically enumerated in sec. 36.16 (3), Stats. (filing of state tax returns; eligibility to vote; auto registration; employment). If the student does not agree with the resident examiner's determination, he may

appeal to the committee on appeals. The committee's determination in this regard is final except for subsequent court action.

The plaintiff followed the established procedure for the fall semester of the school year of 1970–71. However, the plaintiff took no action as to any subsequent semesters, except to note he was paying his nonresident tuition under protest.

At the trial, Thomas H. Hoover, registrar of the university, testified that roughly 275 students had appealed the examiner's determination of nonresident status for the 1970–71 academic year. The committee on appeals is not inflexible and that year reversed the examiner's determination in a "substantial number" of cases. Moreover, Hoover explained that students may reapply later and, if circumstances warrant, the student's status may then be changed to that of resident. This has been done in the past.

In September, 1970, when the resident examiner determined that the plaintiff was a nonresident, the plaintiff had not satisfied two of the criteria listed in sec. 36.16 (3), Stats., which indicate resident status. As the trial court found, he ". . . had in fact not yet commenced his paid employment. . . ." although he had worked on a law school apprenticeship program to satisfy an academic requirement. Also, plaintiff had not yet filed a state income tax return in Wisconsin although his wife had done so for the income she had earned in 1969. When the plaintiff was heard before the committee on appeals in December, 1970, he still had not satisfied the criteria of filing a tax return.

More important is the fact that even if the plaintiff had satisfied all four statutory criteria, he had not been a ". . . bona fide resident . . . for one year . . ." as required by sec. 36.16 (1) (a), Stats., so that he could have been classified a resident *for tuition purposes*. The passage of one year in time could see the emergence of

additional facts which could indicate that the plaintiff was not a resident as well as facts which would support his contention that he was a resident.

Many policy considerations militate against the trial court's determination of the plaintiff's status for the academic school year of 1971–72. The record reflects that many students in the Wisconsin university system request such a change in status each year. The university has an established procedure for the determination of residency status of a student. It is generally recognized that:

"While the existence of another remedy does not, in appropriate cases, preclude declaratory relief, jurisdiction for a declaratory judgment will not ordinarily be entertained where another equally or more appropriate remedy is available for the issues or rights sought to be determined." 26 C. J. S., *Declaratory Judgments*, p. 82, sec. 17.

The defendants were never given the opportunity to consider the plaintiff's application for resident status for the 1971–72 school year. A student whose application for a finding of resident status for tuition purposes has been denied is obligated to reapply when new circumstances have arisen which demonstrate that he is entitled to this change of status. Such circumstances would include the completion of the one-year requirement alone. Otherwise, students could apply for resident tuition status early in their college careers, and once denied, begin litigation during any subsequent year without the university officials having knowledge of any change in residency status or opportunity to consider intervening changes affecting the student's residency status. The fact that a student has been determined to be a nonresident for tuition purposes for one semester does not mean that he has to be so classified forever and regardless of any subsequent changes in his circumstances.

In *Pension Management, Inc. v. DuRose* (1973), 58 Wis. 2d 122, 127, 128, 205 N. W. 2d 553, the four requirements necessary before a court will entertain a declaratory judgment were again reiterated:

"This court long ago adopted Professor Borchard's four conditions precedent for the proper maintenance of a declaratory judgment action:

" '(1) There must exist a justiciable controversy— that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it.

" '(2) The controversy must be between persons whose interests are adverse.

" '(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

" '(4) The issue involved in the controversy must be ripe for judicial determination. . . .' "

The court further went on to explain:

"A justiciable controversy, as Professor Borchard points out, amounts to 'a controversy in which a claim of right is asserted against one who has an interest in contesting it.' This definition has been amplified by this court as requiring the existence of present and fixed rights, and refusing to determine hypothetical or future rights." *Pension Management, Inc. v. DuRose, supra,* page 128.

In the instant case, the plaintiff failed to satisfy the first requirement necessary for a declaratory judgment. There was no justiciable controversy with regard to the plaintiff's resident status during the 1971–72 school year. In this declaratory judgment proceeding, the plaintiff is asserting a claim of right with regard to this year, but the defendants' interests were not adverse thereto. The university officials had never been requested to make a determination one way or the other with regard to those two semesters. It cannot be assumed that the

defendants had an interest in improperly classifying the plaintiff, if his status had in fact changed between September of 1970 and September of 1971.

The trial court cited *F. Rosenberg Elevator Co. v. Goll* (1963), 18 Wis. 2d 355, 118 N. W. 2d 858, for its holding that the instant case provided a justiciable controversy ripe for determination, and in doing so stated:

". . . Equitable considerations cannot confer jurisdiction where there is no case or controversy. However, they can, as they did in *Goll,* help decide whether there is in fact a case or controversy."

We are of the opinion that *F. Rosenberg Elevator Co. v. Goll, supra,* is distinguishable from the instant case. In *Goll,* the plaintiff-lessee had contracted to have a building constructed with certain specifications regarding elevation. A yearly rental rate was previously agreed upon with an option to purchase at a specific price after five years. The elevation specifications were not fulfilled and a declaratory judgment was sought to lower both the rental value of the property and the option to purchase price. This court said, with regard to the option:

"We conclude that with respect to the controversy concerning the option price there is a 'justiciable controversy' between parties involving persons 'whose interests are adverse' . . . ." *F. Rosenberg Elevator Co. v. Goll, supra,* page 365.

In *Goll, supra,* the defendant had refused to recognize the breach of the contract, the damages resulting therefrom, and refused to allow a reduction in rental or the option price. In the instant case, the defendants were never even asked to make a determination with regard to the plaintiff's status during the 1971–72 school year. The earlier denial of resident status for the fall semester of the 1970–71 school year cannot be considered to have "fixed" the plaintiff's status indefinitely. Many times

this status is found to have changed. However, in *Goll* there was no reason to anticipate a change in the defendant's position that no breach had occurred.

It has also been recognized that a mere difference of opinion does not itself constitute a justiciable controversy sufficient to allow a declaratory judgment action. *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 22, 264 N. W. 627.

Assuming there was a difference of opinion between the parties as to the residency status of the plaintiff for the school year of 1971–72 at the time the complaint was filed, it cannot be said that a controversy existed between the parties as to the 1971–72 school year because of the fact that an answer was filed to the plaintiff's second amended complaint. The answer was filed because a controversy did in fact exist as to the semester in which the plaintiff had filed for a change in status and was denied. The answer specifically indicated that no justiciable controversy existed as to any other semester.

In *Stephenson v. Stephenson* (7th Cir. 1957), 249 Fed. 2d 203, declaratory judgment was sought to quiet title although the defendant had made no adverse claim in this regard. In their answer, the defendants contended that no justiciable controversy existed. The plaintiff had *alleged* in her complaint that she was unable to sell her property, "`. . . because of claims of the defendants, . . .`" *Stephenson, supra,* p. 205. The court held:

"`. . . faced with the requirement that a declaratory judgment action cannot be maintained unless it is shown that a justiciable controversy exists, plaintiff relies upon the pleadings filed in the district court to meet these requirements. This she cannot do. To sustain her position, she must show that there was a claim of adverse interest and the existence of a justiciable controversy at the time that the complaint was filed. (Citations omitted.) . . .`" *Stephenson, supra,* p. 205.

Similarly, in this case the defendants also indicated in their answer that there was no justiciable controversy and the fact that they participated in the trial is of no significance. *Stephenson v. Stephenson, supra,* page 208.

The plaintiff never requested a change in status for the 1971-72 school year and, therefore, the defendants had no opportunity to deny the requested change and it follows that no controversy existed with respect to that year.

We are of the opinion that the trial court was without jurisdiction to declare the rights of the plaintiff as to any semester except the one for which he applied to the University of Wisconsin for a change in his residency status for tuition purposes. Therefore, the judgment is reversed. We do not reach the other issues raised on this appeal, nor do we determine the plaintiff's right to now recover the difference between resident and nonresident tuition for the school year of 1971-72, if he can, in fact, establish Wisconsin residency.

*By the Court.*—Judgment reversed.