Azamat ASLANUKOV, Plaintiff,

v.

**AMERICAN EXPRESS TRAVEL RE-LATED SERVICES COMPANY, INC., Defendant.**

No. 06 C 77 C.

United States District Court,
W.D. Wisconsin.

April 13, 2006.

David J. Hanus, Hinshaw & Culbertson, Milwaukee, WI, for Defendant.

OPINION and ORDER

CRABB, District Judge.

This civil action for monetary and declaratory relief under Wisconsin law arises out of an incident in which plaintiff Azamat Aslanukov, a citizen of Russia, purchased $60,000.00 in traveler's checks from defendant American Express Travel Related

Services Company. Shortly after the purchase, the traveler's checks were allegedly stolen from plaintiff. Plaintiff contends in this suit that defendant has refused to refund the purchase price despite the fact that plaintiff has met all the requirements for a refund. His complaint sets out three causes of action: breach of contract, declaratory judgment under Wis. Stat. § 806.04 and property loss under Wis. Stat. §§ 943.20(1) and 895.80(3). Plaintiff seeks an award of $60,000.00 plus prejudgment interest, treble damages and attorney fees. Plaintiff filed his complaint in the Circuit Court for Dane County on December 27, 2005. Defendant removed the case to this court on February 8, 2006, asserting jurisdiction under the diversity statute, 28 U.S.C. § 1332(a)(2).

Presently before the court is defendant's motion to dismiss, filed pursuant to Fed. R.Civ.P. 12(b)(6). Defendant asks the court to dismiss plaintiff's declaratory judgment and property loss claims. For the reasons stated below, defendant's motion will be granted. Plaintiff's claim for declaratory relief will be dismissed because it is duplicative of his breach of contract claim. Plaintiff's claim under Wis. Stat. §§ 895.80 and 943.20(1) will be dismissed because those statutory provisions are inapplicable in this case. Defendant obtained ownership, not mere possession or custody, of plaintiff's money when plaintiff purchased the traveler's checks. Section 943.20(1)(b) prohibits an individual who has been granted custody or possession of property from converting it to his own uses. It is not applicable to the facts alleged by plaintiff, which indicate that defendant obtained ownership of plaintiff's money, not mere possession or custody, when plaintiff purchased the traveler's checks.

For the sole purpose of deciding the present motion, I accept as true the following allegations in plaintiff's complaint and defendant's notice of removal.

## ALLEGATIONS OF FACT

Plaintiff Azamat Aslanukov is a citizen of Russia residing in Verona, Wisconsin. Defendant American Express Travel Related Services Company, Inc., is a corporation formed under the laws of New York with its principal place of business in New York City, New York. On June 3, 2005, plaintiff purchased traveler's checks from defendant in the amount of $60,000.00 at the Bank of Moscow in Moscow, Russia. Upon purchasing the checks, plaintiff signed them in the upper left-hand corner in permanent ink but did not sign them in the lower left-hand corner. He kept the checks in his personal possession after leaving the bank.

Shortly after leaving the bank, plaintiff stopped at a grocery store. As plaintiff exited his vehicle and helped his father to do the same, an unknown individual approached the vehicle, opened the front door on the passenger side and grabbed a bag that contained plaintiff's traveler's checks. The individual ran and left the scene in a vehicle that plaintiff did not recognize and could not identify. Plaintiff notified defendant of the theft promptly and provided all relevant information requested by defendant, including the serial numbers of the checks. The next day, plaintiff reported the theft to the police. No one has negotiated the checks stolen from plaintiff. The purchase agreement between the parties provided that plaintiff would be entitled to a refund of the stolen traveler's checks if certain conditions were met before and after the loss.

## OPINION

### A. *Motion to Dismiss*

In deciding a motion to dismiss for failure to state a claim, a court must construe

the complaint liberally in favor of the plaintiff, taking as true all well-pleaded factual allegations and all reasonable inferences which may be drawn from them. *Leahy v. Board of Trustees of Community College Dist. No. 508*, 912 F.2d 917, 921 (7th Cir.1990). A motion to dismiss should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir.2003) (citation and quotations omitted). In order to state a claim, the complaint does not need to contain "all of the facts that will be necessary to prevail." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Under Fed. R.Civ.P. 8, the "plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply." *Shah v. Inter–Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir.2002); *see also Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir.2002) ("[T]here is no requirement in federal suits of pleading the facts or the elements of a claim.").

### B. *Declaratory Judgment*

In his complaint, plaintiff sets out a cause of action for declaratory judgment under Wis. Stat. § 806.04. Specifically, plaintiff requests a declaration "that he is entitled to be indemnified for the lost Travelers Cheques at issue in this case" and a declaration that defendant's obligation to reimburse him for the stolen checks "is in the nature of insurance and therefore [plaintiff] is entitled to recover his reasonable and actual attorney fees and costs in pursuing a declaration of his rights pursuant to Wis. Stat. § 806.04(a) and *Elliott v. Donahue*, 169 Wis.2d 310, 485 N.W.2d 403 (1992)." Cpt., dkt. # 4, ¶¶ 19–20. (Wis.Stat. § 806.04(a) does not exist.) Plaintiff changes course in his brief, however, arguing instead that he is seeking a declaration that "he has complied with all the prerequisites for a refund

and therefore is entitled to a refund as promised by American Express when it sold the travelers checks" to him. Plt.'s Br., dkt. # 14, at 2.

■ Defendant argues that the court should exercise its discretion under Wis. Stat. § 806.04(6) and dismiss plaintiff's claim for declaratory relief. Section 806.04(6) states that a court may refuse to render a declaratory judgment if "it would not terminate the uncertainty or controversy giving rise to the proceeding." As plaintiff notes, defendant does not explain why entry of declaratory judgment would not terminate the controversy between the parties. Instead, defendant seizes on the fact that the statute confers discretion on the court and argues that the claim for declaratory relief is "wholly duplicative of the more appropriate claim for breach of contract" and that the only reason plaintiff asserted the claim is to open the door for recovery of attorney fees under *Elliott*. Dft.'s Br., dkt. # 10, at 7. In response, plaintiff cites Wis. Stat. § 806.04(1), which states that courts have the power to render declaratory judgments "whether or not further relief is or could be claimed."

■ Plaintiff is correct that § 806.04(1) does not preclude declaratory relief if other relief is available. However, it does not *require* a court to maintain a claim for declaratory relief when other forms of relief are available. A long line of cases in Wisconsin state that courts may decline to award declaratory relief where alternative remedies exist. *Lister v. Board of Regents of the University of Wisconsin System*, 72 Wis.2d 282, 308, 240 N.W.2d 610, 625 (1976) (declining to award declaratory relief where students sought determination of residency to obtain refund of tuition payments); *Madison General Hospital Ass'n v. City of Madison*, 71 Wis.2d 259, 266, 237 N.W.2d 750, 753–54 (1976); *Hancock v. Regents of the University of Wis-*

*consin,* 61 Wis.2d 484, 491, 213 N.W.2d 45, 48 (1973) (ordinarily, declaratory relief not awarded "where another equally or more appropriate remedy is available for the issues or rights sought to be determined"); *F. Rosenberg Elevator Co. v. Goll,* 18 Wis.2d 355, 363, 118 N.W.2d 858, 862 (1963) ("It is not the role of declaratory judgment to take the place of an action for damages."); *Schmidt v. La Salle Fire Ins. Co.,* 209 Wis. 576, 580, 245 N.W. 702, 703 (1932); *see also State ex rel. Lynch v. Conta,* 71 Wis.2d 662, 671, 239 N.W.2d 313, 323 (1976) ("Those in the position of the petitioner have a ready and adequate forum for their proposed construction of a law in the normal enforcement action. Declaratory judgment is reserved for those without such available recourse."). In this case, plaintiff has asserted a claim for breach of contract that will resolve the same issue as his claim for declaratory relief: whether he is entitled to a refund under the terms of the purchase agreement.

In addition, plaintiff's invocation of the declaratory judgment statute runs counter to its intended purpose. Although Wis. Stat. § 806.04(3) states that a contract may be construed before or after a breach, the "underlying philosophy" of the statute is to allow for a determination of legal rights before an injury has occurred or been threatened. *Putnam v. Time Warner Cable,* 2002 WI 108, ¶ 43, 255 Wis.2d 447, 649 N.W.2d 626 ("The purpose of the Uniform Declaratory Judgments Act (Wis.Stat. § 806.04), is to allow courts to anticipate and resolve identifiable, certain disputes between adverse parties."); *Lister,* 72 Wis.2d at 307, 240 N.W.2d at 624–25 ("The underlying philosophy of the Uniform Declaratory Judgments Act is to enable controversies of a justiciable nature to be brought before the courts for settlement and determination prior to the time that a wrong has been threatened or committed. The purpose is facilitated by authorizing a court to take jurisdiction at a point earlier in time than it would do under ordinary remedial rules and procedures. As such, the Act provides a remedy which is primarily anticipatory or preventative in nature."). In the present case, plaintiff has been injured already by defendant's refusal to refund the purchase price of the traveler's checks. Because plaintiff's breach of contract claim will resolve the question of plaintiff's entitlement to a refund, the court will exercise its discretion and dismiss his claim for declaratory relief.

Even if I denied defendant's motion to dismiss the claim for declaratory relief, plaintiff is off the mark in invoking *Elliott* as a basis for recovery of reasonable attorney fees. Elliott was an insured motorist who was involved in an automobile accident. His insurance company denied coverage and defense, forcing him to file a declaratory action to establish the insurer's duty to defend and provide coverage. The claim for liability against Elliott proceeded at the same time as the declaratory action. After the jury in the declaratory action returned a verdict in Elliott's favor, he moved to recover his attorney fees. The Wisconsin Supreme Court concluded that the insurance company had breached its duty to defend him by not moving for a stay of the liability proceedings while the coverage issue was litigated. Because the insurer had attempted to avoid its duty to defend without seeking a stay in the liability proceedings, the court held that principles of equity, invoked in Wis. Stat. § 806.04(8), permitted "recovery of attorney fees incurred by the insured in successfully establishing coverage under an insurance policy." *Elliott,* 169 Wis.2d at 324, 485 N.W.2d at 409.

Obviously, the present case is factually distinguishable. Plaintiff does not allege that defendant (assuming it acted as an

insurer in the transaction with plaintiff) breached its duty to defend him in a lawsuit with a third party. In addition, defendant notes correctly that the Wisconsin Supreme Court has restricted the reach of *Elliott*. *Reid v. Benz*, 2001 WI 106, ¶ 13, 245 Wis.2d 658, 629 N.W.2d 262 ("The facts and circumstances that gave rise to our decision in *Elliott* are particularly significant, because our reasoning therein is inextricably connected to those facts and circumstances."); *Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis.2d 493, 512, 577 N.W.2d 617, 625 (1998); *DeChant v. Monarch Life Ins. Co.*, 200 Wis.2d 559, 569, 547 N.W.2d 592, 595 (1996). These considerations would counsel strongly against extending *Elliott's* holding to the present case.[1]

### C. *Wis. Stat. §§ 895.80, 943.20*

Plaintiff asserts a cause of action under Wis. Stat. §§ 895.80 and 943.20(1). Section 943.20 is Wisconsin's theft statute; subdivisions (1)(a) through (1)(e) set out five independent offenses punishable as theft under Wisconsin law. Section 895.80(1) provides a civil cause of action for any person who suffers a loss "by reason of intentional conduct that … is prohibited under § … 943.20." Section 895.80(3) states that a party who prevails in an action under § 895.80(1) may recover actual damages, litigation costs and treble damages.

■ Plaintiff alleges that defendant "has retained possession of [his] money without his consent." Cpt., dkt. # 4, ¶ 22. In his response brief, he indicates that he is proceeding under § 943.20(1)(b), which authorizes criminal penalties for anyone, who

By virtue of his or her office, business or employment, or as trustee or bailee, having possession or custody of money or of a negotiable security, instrument, paper or other negotiable writing of another, intentionally uses, transfers, conceals, or retains possession of such money, security, instrument, paper or writing without the owner's consent, contrary to his or her authority, and with intent to convert to his or her own use or to the use of any other person except the owner. A refusal to deliver any money or a negotiable security, instrument, paper or other negotiable writing, which is in his or her possession or custody by virtue of his or her office, business or employment, or as trustee or bailee, upon demand of the person entitled to receive it, or as required by law, is prima facie evidence of an intent to convert to his or her own use within the meaning of this paragraph.

Defendant argues that this claim should be dismissed because § 943.20(1)(b) criminalizes embezzlement by fiduciaries and conversion of money or negotiable instruments, whereas plaintiff's allegations demonstrate that this case presents a simple breach of contract scenario in which the parties to an arm's length transaction have a good faith dispute concerning whether all of the conditions precedent to a refund have been satisfied. Plaintiff disagrees, contending that his allegations are sufficient to state a claim under § 943.20(1)(b). He notes that his allegation that the checks were stolen must be accepted as true for the purpose of defendant's motion to dismiss and argues that his allegations

---

1. Plaintiff alleges that the terms of the purchase agreement entitle him to a refund if certain conditions are met and that he has met those conditions. These allegations might support a bad faith claim against defendant, assuming again that it acted in the capacity of an insurer in the transaction with plaintiff. *Trinity Evangelical Lutheran Church and School–Freistadt v. Tower Ins. Co.*, 2003 WI 46, 261 Wis.2d 333, 661 N.W.2d 789. But plaintiff did not assert a bad faith cause of action in his complaint.

are sufficient to state a claim. Specifically, he notes that he has alleged that (1) he purchased the traveler's checks; (2) the checks were stolen; (3) he reported the theft to defendant and the police; (4) he has complied with all of the conditions that entitle him to a refund and (5) defendant has refused to refund his money. In the language of § 943.20(1)(b), he argues that these allegations suggest that defendant received plaintiff's money by virtue of its business and retains possession of it without his consent, contrary to its authority and with the intent to convert the money to its own uses.

I agree with defendant that § 943.20(1)(b) was intended to target those who are entrusted with the property of another and who retain or use that property in a way that does not comport with the owner's wishes. *E.g., In re Evans,* 121 Wis.2d 42, 357 N.W.2d 547 (1984) (revoking license of attorney who pled guilty to theft under § 943.20(1)(b) for converting client's funds to own use). By its own terms, the statute applies only to those who are entrusted with "custody or possession" or money or property. The parties in this case engaged in a transaction by which plaintiff purchased traveler's checks for $60,000.00. They executed a contract to memorialize the terms of the transaction. Defendant obtained ownership of plaintiff's money, not mere possession or custody, after the transaction was complete. The fact that the purchase agreement contained a provision allowing plaintiff to obtain a refund does not mean that defendant obtained only possession or custody of plaintiff's money. Defendant has refused to return plaintiff's money because it does not agree with him that he has satisfied all of the conditions precedent to a refund. This is not criminal conduct. Defendant is correct; this case presents a simple breach of contract scenario to which section 943.20(1)(b) does not apply.

Therefore, plaintiff's claim under Wis. Stat. § 895.80 will be dismissed.

### ORDER

IT IS ORDERED that defendant's motion to dismiss is GRANTED with respect to plaintiff's claim for declaratory relief under Wis. Stat. § 806.04 and plaintiff's claim under Wis. Stat. §§ 895.80 and 943.20(1).